IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC
JUL 28 2014
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

TREMAYNE MCCLEAVE,   **TRIAL BY JURY DEMANDED**

PLAINTIFF,

CASE NO. 3:14 cv 410 (GCM)

-V-

ENHANCED RECOVERY COMPANY, LLC.,

DEFENDANT,

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ('FCRA')
## NATURE AND CAUSE OF ACTION

1. Plaintiff, TREMAYNE MCCLEAVE, hereby files this complaint, individually against Defendant, Enhanced Recovery Company, LLC, (hereinafter "Enhanced") of its violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*

### I. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; 28 U.S.C. § 1337; and supplemental jurisdiction exists for statutory claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391b (1), in that the Plaintiff resides here; the Defendant transacts business here; and the conduct complained of occurred here.

4. All conditions precedent to the bringing of this action have been performed, waived or excused.

### II. PARTIES

5. Plaintiff, Tremayne McCleave is a natural person residing in Charlotte, North Carolina and is a "consumer" as defined in FCRA 15 U.S.C. § 1681a(c).

6. Defendant Enhanced is a "debt collector" as defined by 15 U.S.C. § 1681a(6), a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, and a "user of information"

as defined by 15 U.S.C. § 1681m. It has a principal place of business located at 9014 Bayberry Road, Jacksonville, FL 32256.

### III. FACTUAL ALLEGATIONS

7. In **June of 2014**, Plaintiff obtained his Experian credit report and discovered that Defendant, who is unknown to him, had reported negative and erroneous information in the form of an account to his personal credit file.

8. In **June of 2014**, Plaintiff also discovered that reported a negative and erroneous account onto his personal credit report.

9. Plaintiff alleges for the record that there is not nexus between Plaintiff and Defendant because Defendant has never had any business relationship with Defendant, nor is Defendant a creditor or lender of Plaintiff's; nor has the Defendant ever provided any credit or services to Plaintiff.

9. On June 13, 2014, Plaintiff provided Defendant with an opportunity to provide an explanation and determination as to why Defendant reported the erroneous entry onto his personal credit report by sending to Defendant a request for validation of the alleged debt.

10. After receiving Plaintiff's validation request on June 20, 2014, Defendant sent to Plaintiff a letter stating that no further collection efforts would occur and that they would notify all credit reporting agencies to have the negative entry removed.

11. On July 17, 2014, Plaintiff sent a notice to Defendant offering the opportunity to cure its violations, that, during the reporting the negative account, caused harm to Plaintiff's ability to obtain credit.

### IV. COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ENHANCED RECOVERY COMPANY

12. Paragraphs 1- 11 are re-alleged as though fully set out herein.

13. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. The "consumer credit report" is a consumer report (hereinafter "credit report") within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

17. All actions taken by Defendant were done willfully and with the knowledge that their actions would very likely harm Plaintiff; and/or that their actions were taken in violation of the FCRA; and/or that Defendant knew or should have known that its actions were in reckless disregard of the FCRA.

18. The FCRA, 15 USC §1681(b) defines the permissible purposes for which a person may obtain a credit report. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer **makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.**

19. At no time did Plaintiff give his consent for Defendant to acquire or inquire into or obtain his credit report from any credit reporting agency.

20. The actions of Defendant by obtaining or inquiring into his personal consumer credit report with no permissible purpose or his express consent was a willful violation of FCRA, 15 U.S.C. § 1681b committed with actual malice and an egregious violation of Plaintiff's right to privacy.

21. At no time has Plaintiff ever provided any valid justification as to why it committed the acts against Plaintiff and Plaintiff's credit report.

22. As a business engaging in sound and fair business practices, Defendant owes and has a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached its duty.

23. At no time has Plaintiff ever provided any valid justification as to why they obtained Plaintiff's credit report. As a business engaging in sound and fair business practices, Defendant owes and has a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty.

24. Due to Defendant's acts, Plaintiff has suffered anxiety.

25. Plaintiff's anxiety of being violated is a proximate cause of Defendant's actions.

26. Plaintiff is entitled to actual and statutory damages pursuant to 15 U.S.C. §1681(n).

27. Defendant's negligent and noncompliant acts may have been a direct violation of 15 U.S.C. §1681(n) and 15 USC§1681(o).

28. Defendant's actions are willful and negligent because Defendant knew or should have known that it has not demonstrated any of the above permissible purposes to make such an inquiry and appears to be in violation of 15 U.S.C. § 1681n.

29. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount be determined by the Court pursuant to 15 U.S.C.§1681n and §1681o.

**WHEREFORE** Plaintiff demands judgment for damages against Defendant for actual, statutory damages, attorney fees, and other costs pursuant to 15 U.S.C.§1681(n) and 15 U.S.C.§1681(o), and any such further relief as deemed just against Defendant to be decided at trial.

Dated: 7-24-2014

Respectfully submitted,

*Tremayne McCleave*
Tremayne McCleave